# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIVIAN MARTIN, | CIVIL ACTION |
| Plaintiff, | |
| v. | |
| THE BOEING COMPANY d/b/a BOEING, | NO. 20-5401 |
| Defendant. | |

**MEMORANDUM**

**Joyner, J.**                                                    May 24 , **2021**

Presently before the Court is Defendant's Motion for Partial Dismissal of Plaintiff's Claims pursuant to Rule 12(b)(6). For the reasons that follow we grant the Motion in part and deny the Motion in part.

### Statement of Facts

Plaintiff Vivian Martin ("Martin") brings this case against her employer, Defendant The Boeing Company ("Boeing"), under three statutes, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), for race discrimination, religious discrimination, and retaliation. (Compl., Doc. No. 1 at ¶ 1.) She alleges a hostile work environment and discriminatory failure to promote. (Id.)

1

Martin avers that she has worked for Boeing since 1993, but because of her race (African-American) and/or religion (Muslim) she has not received a promotion since 2007 despite applying for at least five positions (Human Resource First-Line Manager (April 4, 2019), Global Diversity & Inclusion Manager (September 22, 2019), First Line Fact Finding Manager (December 10, 2019), Senior Corporate Investigator (February 4, 2020), and Ethics & Compliance Position (February 18, 2020)). (Compl., Doc. No. 1 at ¶ 10, 22.)

Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission on March 24, 2020. On this administrative charge, Martin checked boxes indicating that she was experiencing discrimination based on race, sex, religion, age, retaliation, and that her claims were a "continuing action." She wrote:

> In the last year, I applied for the following positions: April 4, 2019, Human Resource First Line Manager (#1900078308); December 10, 2019, First Line Manager (#0000016181); February 4, 2020, Sr. Corporate Investigator (#00000181 293) and February 18, 2020, Ethics and Compliance Advisor #000001 83383). I do not know the gender, race, religion or age of any of the selectees. I also believe I have been paid a lower wage than others in my job classification, but do not have this information. In the last year, I applied to the above (4) positions, in addition to internal temporary assignments. I have not applied for additional opportunities due to the lack of continual opportunities because I feel I am being discriminated & retaliated against because of my religion, Muslim race, black and

2

> gender, female, as well as age, 54. The last promotion I received was prior to disclosing in the workplace that I am a Muslim.
>
> I believe I am underpaid and have not been selected for the listed positions because of my race, black, sex, female and my religion, Muslim (I wear a Hajib) in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have not been selected for any of the above positions and underpaid in my current position, due to my age, 54, in violation of Age Discrimination in Employment Act.

(Def.'s Mot. for Partial Dismissal of Pl.'s Claims pursuant to Rule 12(b)(6), Doc. No. 12, Ex. 1 at 20-22.) On March 23, 2020, Martin emailed the EEOC the same allegations and stated: "I believe I have been black-balled from any further promotional & developmental opportunities since I self-disclosed back in 2011 timeframe." (Id. at 22.)

For a variety of reasons, Boeing moves to dismiss: 1) Plaintiff's failure-to-promote claims under 42 U.S.C. § 1981, Title VII, and the PHRA, 2) Plaintiff's hostile work environment claims under Title VII and the PHRA, and 3) Plaintiff's retaliation claims under Title VII and the PHRA.

### **Subject-Matter Jurisdiction**

The Court has federal-question jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. (Compl., Doc. No. 1 at ¶ 5.)

## Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 698 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). In addition to the complaint, we may also consider any undisputedly authentic documents that a plaintiff bases her claims on, such as Martin's EEOC administrative charge. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

## Failure to Promote

Defendant contends that all of Martin's allegations of discriminatory failure to promote must be dismissed because she failed to allege specific facts necessary to show plausible claims. Defendant also argues that some of the failure-to-promote claims must be dismissed because Martin failed to exhaust her administrative remedies or because they are time barred. We agree only in part and find that the Title VII and PHRA claims related to the "HR First-Line Manager" position are time barred and that the Title VII and PHRA claims related to

4

the "Global Diversity and Inclusion Manager" position have not been administratively exhausted.

### *All Positions*

Plaintiff did plead sufficient facts to show a plausible claim that she was denied the promotions for discriminatory reasons. A failure-to-promote claim "requires a Title VII plaintiff to show '(i) that he belongs to a [protected category]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.'" Noel v. The Boeing Co., 622 F.3d 266, 274 (3d Cir. 2010), as amended (Oct. 18, 2010) (citing Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994)). Martin has alleged that she is a member of a protected class, stating that she is Black and Muslim, and that she applied and was qualified for the positions but that "despite her qualifications, Mrs. Martin did not receive so much as an interview for any of these jobs and was never promoted." (Compl., Doc. No. 1 at 9.) She further states that "[a]t least eight others [sic] people have been brought in" at the higher level and that "[n]one of them were black." (Compl., Doc. No. 1 at 9.) Plaintiff's claims will not be dismissed on a Rule 12(b)(6) motion for "lack of detailed

5

facts." In re Tower Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005). Martin has stated sufficient facts to show a plausible claim and so we do not dismiss the claims.

### *"HR First-Line Manager"*

The Title VII and PHRA claims related to the "HR First-Line Manager" position are time barred. "In states where an agency may grant relief for federally prohibited employment discrimination, such as Pennsylvania, a plaintiff must file claims with the EEOC within 300 days of the alleged unlawful employment practice." Leonard v. TJUH Sys., No. CV 17-2023, 2019 WL 3802024, at *3 (E.D. Pa. Aug. 13, 2019). Each failure-to-promote claim is a discrete act that starts a new clock for charges. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Because Plaintiff asserts that she was denied the "HR First-Line Manager" position on April 4, 2019, a timely filing of the administrative charge under Title VII would have been by January 29, 2020. Plaintiff, however, filed the charge on March 24, 2020, which is after that day. (Def.'s Mot. for Partial Dismissal of Pl.'s Claims pursuant to Rule 12(b)(6), Doc. No. 12, Ex. 1 at 20.) The claims related to the "HR First-Line Manager" position are, therefore, untimely under both Title VII and the PHRA. We dismiss the claims without prejudice to allow Plaintiff the option of attempting to articulate a basis for tolling the time period in which she should have filed the

6

charge. See Khalifeh v. Duff & Phelps Corp., No. CV 16-4572, 2017 WL 1003220, at *4 (D.N.J. Mar. 15, 2017).

### *"Global Diversity & Inclusion Manager"*

We dismiss the Title VII and PHRA claims related to the "Global Diversity and Inclusion Manager" position because Plaintiff failed to exhaust her administrative remedies. Before suing in court under Title VII or the PHRA, an employee must exhaust the available administrative remedies by filing a timely discrimination charge with the EEOC. Leonard, 2019 WL 3802024, at *7 (citing 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1)). Each position of alleged failure to promote is an independent action and must be separately exhausted. See Taylor v. Brandywine Sch. Dist., 202 F. App'x 570, 575 (3d Cir. 2006); Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 483-84 (3d Cir. 1997). Plaintiff did not mention her application for "Global Diversity & Inclusion Manager" in her administrative charge and so she has failed to exhaust her administrative remedies related to that position. We dismiss the claims without prejudice.

### **Hostile Work Environment**

Plaintiff has not failed to exhaust her administrative remedies for her hostile work environment claims under Title VII and the PHRA. In order to file suit, an employee must first put the agency and employer on notice of a claim at the administrative stage. Leonard, 2019 WL 3802024, at *7. "The

7

test in the Third Circuit for exhaustion of administrative remedies is 'whether the acts alleged in the subsequent suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" Hewitt v. BS Transportation of Illinois, LLC, 355 F. Supp. 3d 227, 235 (E.D. Pa. 2019) (quoting Weems v. Kehe Food Distributors, Inc., 804 F. Supp. 2d 339, 341 (E.D. Pa. 2011)). "[T]he scope of the original charge should be liberally construed" because an individual without counsel is often "not well vested in the art of legal description." E.E.O.C. v. Kronos Inc., 620 F.3d 287, 300 (3d Cir. 2010) (quoting Hicks v. ABT Assocs., Inc., 572 F.2d 960, 965 (3d Cir. 1978)).

Martin's administrative charge did provide notice of a hostile work environment claim because such a claim was within the scope of the conduct described. Martin wrote in her charge that she lacked opportunities because she was "discriminated & retaliated against because of [her] religion, Muslim race, black and gender, female, as well as age." (Def.'s Mot. for Partial Dismissal of Pl.'s Claims pursuant to Rule 12(b)(6), Doc. No. 12, Ex. 1 at 20–22.) Martin's charge alleged that she had been denied promotions and received unfair pay and she checked the box indicating that she was reporting a "continuing violation." Id. Liberally construing her language and approaching it without the expectation of a legal description, the charge

included sufficient information and detail of conduct reasonably amounting to a potential hostile work environment claim. We do not dismiss the claims.

### **Retaliation**

Plaintiff did not fail to exhaust her administrative remedies for her retaliation claims. Defendant argues that Plaintiff's administrative charge contained no information about internal complaints or retaliatory adverse action, or "other information that would put Boeing and the agencies on notice that any retaliation was at issue." (Def.'s Mot. for Partial Dismissal of Pl.'s Claims pursuant to Rule 12(b)(6), Doc. No. 12 at 6.) Plaintiff actually did mention retaliation twice in her short administrative charge, both checking the "retaliation" box and saying that she was "discriminated & retaliated against," as well as listing the promotions she was denied. (Id.) She also stated that had been "blackballed" in her email to the EEOC. (Id. at 22.) By doing more than "merely checking off the box on the Charge form," Martin put Defendant and the agency on notice of a retaliation claim. Flora v. Wyndcroft Sch., No. CIV.A. 12-6455, 2013 WL 664194, at *4 (E.D. Pa. Feb. 25, 2013); Hewitt, 355 F. Supp. 3d at 235 (dismissing a retaliation claim where the retaliation box was unchecked). Martin explicitly said in her administrative charge that she had been retaliated against and so we do not dismiss the retaliation claims.

9

## Conclusion

For the reasons we have discussed, Defendant's Motion for Partial Dismissal of Plaintiff's Claims pursuant to Rule 12(b)(6) is denied in part and granted in part. An Order follows.