IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIVIAN MARTIN,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE BOEING CO.,<br>　　　　　Defendant. | :<br>:<br>:<br>:   Civ. No. 20-5401<br>:<br>:<br>: |

**Diamond, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**April 11, 2025**

**MEMORANDUM OPINION**

Having prevailed in this employment discrimination case, The Boeing Co. moves for counsel fees and costs. (Doc. No. 47); 42 U.S.C. §§ 1981, 2000e et seq.; 43 Pa. Stat. §§ 955-63. I will deny the Motion because Boeing has not shown that the rates charged and the hours incurred by its counsel—Perkins Coie LLP and Ogletree, Deakins, Nash, Smoak & Stewart, P.C.—are reasonable.

**I.　　BACKGROUND**

On October 29, 2020, Vivian Martin, represented by counsel, began this action, alleging: (1) discriminatory failure-to-promote to five positions at Boeing in violation of Section 1981, Title VII of the Civil Rights Act, and the Pennsylvania Human Relations Act: (2) retaliation in violation of Title VII and the PHRA; and (3) hostile work environment in violation of Title VII and the PHRA. (Doc. No. 1 at 9-13); 42 U.S.C. §§ 1981, 2000e et seq.; 43 Pa. Stat. §§ 955-63. The matter was assigned to Judge Joyner, who dismissed without prejudice the Title VII and PHRA failure-to-promote claims related to two positions, ruling that the claims were time-barred and unexhausted. (Doc. Nos. 16, 17.) The matter was reassigned to Judge Marston on August 4, 2021, and then to me on March 10, 2022. (Doc. Nos. 22, 30.)

1

After the Parties completed discovery, Boeing moved for summary judgment. (See Doc. Nos. 28, 33.) In opposing Boeing's Motion, Martin discussed only two positions she was refused, thus abandoning her claims related to the other three. (Doc. No. 45 at 5-6.) The undisputed evidence showed that one position she did address was closed due to a hiring freeze. (Id. at 12.) She could not make out a prima facie case of retaliation because the adverse actions alleged were outside the limitations period, and because she could not show causation. (Id. at 13-16.) Her hostile work environment claim failed because the incidents alleged were time-barred or had nothing to do with Martin. (Id. at 17-19.)

I granted summary judgment to Boeing as to all Martin's remaining claims on March 14, 2023. (Id. at 19.) Two weeks later, Boeing moved for counsel fees and costs and filed a Bill of Costs. (Doc. Nos. 46, 47); Fed. R. Civ. P. 54(d)(2). I chose not to address the Motion until it was clear that Martin would not appeal my summary judgment decision, or, if Martin did appeal, until the Third Circuit decided the matter. (See Docket.)

On April 3, 2023, Martin, still represented by counsel, filed a *pro se* Notice of Appeal of my Summary Judgment Order. (Doc. No. 49.) Later that month, I granted her two lawyers' Motion to Withdraw and Martin's "Motion for the Removal of Attorneys." (Doc. Nos. 53, 55, 61.) From that point, Martin proceeded *pro se*.

On August 21, 2024, the Third Circuit affirmed. Martin v. The Boeing Co., No. 23-1614, 2024 WL 3887276, at *3 (3d Cir. Aug. 21, 2024). Martin unsuccessfully sought a rehearing en banc. Martin, No. 23-1614 (3d Cir. Jan. 30, 2025), ECF No. 39. On September 3, 2024, at Boeing's insistence, I reopened its Motion for Attorneys' Fees and Non-Taxable Costs. (Doc. Nos. 46, 47, 66, 67.) Although I have repeatedly ordered Martin to respond to Boeing's Motion, she has not done so. (See Doc. Nos. 52, 67, 69, 71.)

## II.     LEGAL STANDARDS

### A.     Prevailing Defendant

"Attorney fees are generally not recoverable by a prevailing party unless a statute expressly permits them or a contractual provision between the parties provides for them." Haskell Off. LLC v. Mooreco, Inc., No. 23-1766, 2024 U.S. App. LEXIS 21352, *2 (3d Cir. Aug. 23, 2024).  In Section 1981 and Title VII actions, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. §§ 1988(b), 2000e-5(k); see also Brown v. Borough of Chambersburg, 903 F.2d 274, 277 n.1 (3d Cir. 1990) ("The standards for assessing attorneys' fees under § 1988 and 42 U.S.C. § 2000e-5(k) of Title VII of the Civil Rights Act of 1964 are identical."). Under the PHRA, however, a prevailing defendant may recover only after a trial and if it "proves that the complaint was brought in bad faith." 43 Pa. Stat. § 962(c.3).

In addition to statutory requirements, "the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs." Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001).  "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).

In determining whether a plaintiff's claim was frivolous, courts consider:

> whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits. Other factors that courts have considered . . . include whether the question in issue was one of first impression requiring judicial resolution, the controversy is based sufficiently upon a real threat of injury to the plaintiff, the trial court has made a finding that the suit was frivolous under the Christiansburg guidelines, and the record supports such a finding.

Barnes Found., 242 F.3d at 158 (citation omitted). "These considerations, however, are merely guidelines, not strict rules; thus 'determinations regarding frivolity are to be made on a case-by-case basis.'" Id. (quoting Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182, 1189 (11th Cir. 1983)).

### A. Fee Reasonableness

"In assessing the reasonableness of a claimed fee . . . we use the 'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). "[T]o determine what fee is reasonable, district courts must apply a burden-shifting type of procedure." Carey v. City of Wilkes-Barre, 496 F. App'x 234, 236 (3d Cir. 2012). In statutory fee cases, "the burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984) (emphasis added).

"The starting point in ascertaining a reasonable hourly rate 'is the attorney's usual billing rate, but this is not dispositive.'" Maldonado, 256 F.3d at 184-85. Satisfactory evidence of reasonable rates may include "affidavits from other attorneys" as well as "generally accepted fee schedules." See Carey, 496 F. App'x at 236; Shin Da Enters. Inc. v. Wei, No. 21-cv-3384, 2024 U.S. Dist. LEXIS 89, *4 (E.D. Pa. Jan. 2, 2024) (citing McGuffey v. Brink's, Inc., 598 F. Supp. 2d 659, 669-70 (E.D. Pa. 2009)); see also, e.g., Lab'y Charter Sch. v. M.R.S., No. 21-5538, 2023 U.S. Dist. LEXIS 210841, *5-6 (E.D. Pa. Nov. 27, 2023) (defendants submitted "detailed billing records," "a chart of the total number of hours and fees attributable to each person," "biographies of each person," and "multiple affidavits" attesting to reasonableness.).

"[T]he court must [also] determine how many hours are reasonable." Carter v. Sanders, No. 88-cv-3591, 1992 U.S. Dist. LEXIS 2286, *8 (D.N.J. Feb. 20, 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)).  Although "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney," a fee petition must be "specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990).

"If the [prevailing party] fails to meet her prima facie case, the district court has the discretion to determine what award is reasonable." Carey, 496 F. App'x at 237 (citing Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001)); see also Weigang Wang v. Chapei LLC, No. 15-2950, 2020 U.S. Dist. LEXIS 166093, *7-9 (D.N.J. Sep. 10, 2020) (plaintiffs failed to make out prima facie case for counsel fees), aff'd 849 F. App'x 360, 360 (3d Cir. 2021). Otherwise, "the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." Rode, 892 F.2d at 1183.

### III. DISCUSSION

Boeing argues that because Martin's claims were frivolous, it is entitled to counsel fees of $143,888.30 and nontaxable costs of $885.88, for a total of $144,774.18.  (Doc. No. 47-1 at 11-13); Christiansburg Garment Co., 434 U.S. at 420.  I do not agree.  Although Boeing prevailed on Martin's Section 1981 and Title VII claims, it has not made out a prima facie case that its lawyers' rates and hours are reasonable.  See Carey, 496 F. App'x at 237.

### A. Entitlement to Counsel Fees

Boeing seeks only those fees and costs "incurred post-discovery" from July 2, 2022 through February 13, 2023, because: (1) most of Martin's claims survived Boeing's Motion to Dismiss, (2) and "[a]fter finding no evidence during discovery," Martin should have realized "her claims lacked foundation" and stopped litigating. (Doc. No. 47-1 at 1; Doc. No. 47-2); see also Christiansburg Garment Co., 434 U.S. at 422.

Having secured summary judgment, Boeing is the prevailing party as to Martin's Section 1981 and Title VII claims, and, so, may be entitled to fees and costs it incurred in defending against the remaining claims (assuming it can show that those claims were frivolous). (See Doc. No. 45); 42 U.S.C. §§ 1988(b), 2000e-5(k); see also Christiansburg Garment Co., 434 U.S. at 422; Hensley, 461 U.S. at 435.

Boeing is not entitled to recover for fees and costs incurred in connection with Martin's PHRA claims, however, because her Complaint was not brought in bad faith. See 43 Pa. Stat. § 962(c.3); Haskell Off. LLC, 2024 U.S. App. LEXIS 21352, at *2 (counsel fees "not recoverable by a prevailing party unless a statute expressly permits them"). Once again, the PHRA requires a prevailing defendant to prove "the complaint was brought in bad faith" after a trial. 43 Pa. Stat. § 962(c.3). As Boeing notes, it is seeking only post-discovery fees because the majority of Martin's claims survived its Motion to Dismiss. (Doc. No. 47-1 at 1, 9; Doc. Nos. 16, 17.) In dismissing only some of Martin's claims—and letting the others go forward—Judge Joyner did not suggest that Martin had brought her Complaint in bad faith. (See Doc. Nos. 16, 17); Cunningham v. Pa. House Democratic Caucus, No. 21-CV-01151, 2022 U.S. Dist. LEXIS 245392, *5 (M.D. Pa. July 20, 2022) ("Bad faith can be demonstrated by 'some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or

6

delay.'" (quoting Ford v. Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986))). Boeing now adds nothing to Judge Joyner's analysis to show Martin filed her Complaint in bad faith. (See Doc. No. 47-1 at 5.)

Accordingly, I may award Boeing reasonable counsel fees and costs on Martin's Section 1981 and Title VII claims only. 42 U.S.C. §§ 1988(b), 2000e-5(k). Yet, Boeing has not separated the fees and costs it incurred defending against the PHRA claims. (See Doc. No. 47-1 at 5; Doc. No. 47-2.) Indeed, it suggests that it is unable to do so. (See Doc. No. 47-1 at 5 ("Moreover, with respect to the PHRA, because Boeing was required to defend itself against race and religion claims under both federal and state laws, and the substantive standards are the same for both, its fees and costs were inextricably intertwined. Thus, a separate analysis for this motion is not warranted.").)

### B.    Reasonableness

Even absent the PHRA issue, Boeing has failed to make out a prima facie case that its counsel's proposed rates and hours expended are reasonable. See Blum, 465 U.S. at 895 n.11 ("[T]he burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." (emphasis added)).

In support of its Motion, Boeing provides only a three-page affidavit from Attorney Donald D. Gamburg, the Managing Shareholder of Ogletree's Philadelphia Office with "26 years" experience, who declares that Ogletree billed Boeing: (1) 14.3 hours at $517.50/hour for Mr. Gamburg, (2) 11 hours at $414.00/hour for Associate Robert Perryman, and (3) 0.9 hours at $283.50/hour for Associate Jerome Shaen. (Doc. No. 47-2 ¶¶ 4, 6-8.) Mr. Gamburg further avers that Perkins Coie, which also represented Boeing in this matter, billed: (1) 114.9 hours at

$817.00/hour for Partner Jason Elliott, (2) 66.3 hours at $613.00/hour for Associate Michael Pratt, (3) 17.7 hours at $347.00/hour for Paralegal Darnell Benitez, and (4) 5.6 hours at $371.00/hour for Paralegal Julie Pambianco. (Id. ¶¶ 9-13.) Although Boeing urges that "[t]hese fees are reflected in detail on the invoices attached hereto as Exhibit 1," it attached nothing. (Id. ¶ 15; see also Docket.)

Mr. Gamburg's Declaration is rife with other deficiencies. It provides that $143,888.30 is the lodestar for its declared rates and hours. (Doc. No. 47-2 ¶ 14.) Yet, the actual total is $154,944.10. Boeing does not explain this difference, or how it came to the $143,888.30 figure. (See Doc. Nos. 47-1, 47-2.) Moreover, Mr. Gamburg's affidavit alone is offered to show the purported reasonableness of all counsel rates and hours, even those from a different firm based in another state. (Doc. Nos. 5, 6, 47-2); see also Clemens v. N. Y. Cent. Mut. Fire Ins. Co., 903 F.3d 396, 402 (3d Cir. 2018) ("Here, the five billing attorneys did not even submit their own affidavits identifying their usual billing rates or describing their levels of experience."). There is also a significant difference between Mr. Gamburg's rate and that of Mr. Elliott, whom Judge Joyner admitted to practice in this matter *pro hac vice*. (Doc. No. 5.) Mr. Elliott has been a member of the Texas bar for some 20 years. (Id. at 6 of 7.) Yet, Mr. Gamburg—who has been a lawyer for 26 years—states without apparent support that *both* his $517.50 hourly rate and Mr. Elliott's $817.00 hourly rate are "commensurate with the prevailing market rate for a partner-level employment attorney in Philadelphia." (Doc. No. 47-2 ¶¶ 6, 10.) If Mr. Elliott's time were charged at Mr. Gamburg's rate, however, the requested counsel fees would be reduced by $34,412.55. (See id.) Boeing does not explain the rate difference, nor does it offer any evidence showing that the rates are "prevailing in the [Philadelphia] community." (Id.); see also Blum, 465 U.S. at 895 n.11.

8

The Gamburg affidavit similarly conflates all "associates" (including Mr. Pratt, who is also based in Texas), despite their hourly rates varying by as much as $329.50: a difference of $21,845.85 in fees. (See Doc. No. 47-2 ¶¶ 7, 8, 11; Doc. No. 6.) Mr. Gamburg attests again that all are "commensurate with the prevailing market rate for an associate employment attorney in Philadelphia." (Doc. No. 47-2 ¶¶ 7, 8, 11.) Boeing includes no evidence about the associates' "comparable skill, experience, and reputation," nor why the Perkins Coie paralegal rates are higher than Mr. Shaen's associate rate. (See id. ¶¶ 8, 12-13); see also Blum, 465 U.S. at 895 n.11. In sum, Mr. Gamburg simply lists the various rates, averring without support that they are "reasonable," and leaves it at that. (See Doc. No. 47-2.)

Boeing also fails to include any time records "justifying the hours claimed to have been expended." See Carter, 1992 U.S. Dist. LEXIS 2286, at *8. Rather, Mr. Gamburg states a broad time range for each person's work. (See, e.g., Doc. No. 47-2 ¶ 6 ("From November 30, 2022 through February 13, 2023, I expended 14.3 hours of work on this matter . . . .").) This is insufficient. See Keenan v. City of Philadelphia, 983 F.2d 459, 472 (3d Cir. 1992) ("Any hours to be used in calculating attorneys' fees must be detailed with sufficient specificity."); Clemens, 903 F.3d at 401 ("We are mindful of confidentiality obligations, but time entries still must 'be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed.'"). Once again, Boeing does not distinguish fees incurred in opposing Martin's Section 1981 and Title VII claims from those related to her PHRA claims (to which Boeing is not statutorily entitled). Compare 42 U.S.C. § 1988(b), with 43 Pa. Stat. § 962(c.3). Finally, although it requests $885.88 in non-taxable costs under Rule 54(d)(2), and separate from the Bill of Costs it filed under Rule 54(d)(1), Boeing provides no supporting evidence for this amount either. (Doc. No. 47-1 at 12-13; Doc. No. 47-2 ¶ 16); Fed. R. Civ. P. 54(d)(1)-(2).

9

## IV. CONCLUSION

Boeing's Motion is as slipshod as anything it alleges Martin filed. The Company has not remotely made a prima facie showing that its lawyers' (and paralegals') billing rates and expended hours are reasonable. See Blum, 465 U.S. at 895 n.11. Accordingly, I will deny its Motion for Attorneys' Fees and Non-Taxable Costs.

An appropriate Order follows.

**AND IT IS SO ORDERED.**

_____
Paul S. Diamond, J.